MARC S. HINES (No. 140065)
MICHELLE L. CARDER (No. 174481)
PATRICK LIN (No. 199347)
HINES SMITH
3080 Bristol Street, Suite 540
Costa Mesa, California 92626
Telephone: (714) 513-1122
Facsimile: (714) 512-1123

Attorneys for Plaintiff
MILGARD MANUFACTURING, INC.

WILLIAM C. MORISON (No. 99981)
MARC J. DEREWETZKY (No. 130944)
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

JOEL MAX EADS, admitted pro hac vice
MORISON-KNOX HOLDEN & PROUGH, LLP
1500 Market Street
East Tower, 12th Floor
Philadelphia, PA 19102
Telephone: (215) 246-3439
Facsimile: (215) 569-8228

Attorneys for Defendant
FIDELITY AND GUARANTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILGARD MANUFACTURING, INC., a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY AND GUARANTY INSURANCE COMPANY, an Iowa stock insurance company; and DOES 1-10, <br><br> Defendants. | CASE NO.: C 05-01329 SBA <br><br> MILGARD MANUFACTURING, INC.'S AND FIDELITY AND GUARANTY INSURANCE'S STIPULATION AND [PROPOSED] ORDER TO: <br><br> 1. ALLOW DEFENDANT LEAVE TO FILE AMENDED ANSWER; AND <br> 2. CONTINUE TRIAL AND CORRESPONDING PRE-TRIAL DATES AND DEADLINES;, <br><br> Current Trial Date: July 10, 2006 |

1

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

## STIPULATION

Plaintiff, Milgard Manufacturing, Inc. ("Milgard") and Defendant, Fidelity Guaranty Insurance Company ("FGIC") (collectively referred to as the "Parties"), by and through their counsel of record, hereby agree and stipulate as follows:

1. This matter arises out of FGIC's denial of coverage in several construction defect cases. On April 1, 2005 Milgard filed a Complaint with the United States District Court, Northern District of California for 1. Breach of the Implied Covenant of Good Faith and Fair Dealing, 2. Breach of Contract, and 3. Declaratory Relief.

2. An Order for Pretrial Preparation was entered into on September 9, 2005 in which the following dates were set by the Court:

   a. April 11, 2006: Discovery cut-off and deadline for Rule 26 compliance;
   b. May 16, 2006: Motion cut-off;
   c. June 27, 2006: Pre-Trial Conference date; and
   d. July 10, 2006: Trial;

3. The purpose of this Stipulation is as follows: a) to allow FGIC to amend its answer to assert additional affirmative defenses relating to its contention the aggregate for the policies at issue is or is about to be exhausted; and b) to continue the presently set trial and pre-trial deadlines and cut-off dates.

4. The Parties agree good cause exists to allow FGIC to amend its answer to assert additional affirmative defenses because it recently learned, per its representations, the aggregate for the relevant policies at issue is or is about to be exhausted.

5. The Parties further agree this stipulation extends only to FGIC's leave to amend its answer. By making this procedural stipulation, Milgard does not waive any substantive arguments against the affirmative defenses alleged in any amended answer,

including any arguments discovery may show viable relating to the timeliness of FGIC's assertion of the defense.

6.      The Parties agree good cause exists to continue the trial and the corresponding pre-trial dates and deadlines on four grounds. First, additional discovery is required. Even though a substantial amount of discovery has taken place to date and the parties have been cooperative with respect to discovery matters, the Parties must conduct discovery on the exhaustion issue. Pursuant to Defendant's newly asserted position, Plaintiff intends to serve additional written discovery and to continue deposition dates of persons most knowledgeable. Second, because FGIC also appears to be the excess carrier, Milgard and FGIC must analyze the underlying insurance claims *vis-à-vis* any potentially applicable excess policy's terms and Milgard must determine if it is necessary to amend the Complaint to reflect this change in circumstances. Third, Milgard will be prejudiced because discovery responses relating to the exhaustion issue will not be available in time for it timely to prepare, file, and serve a motion for summary adjudication. Finally, Plaintiff's counsel, Marc Hines and Michelle Carder have a conflicting trial set in the Orange County Superior Court *Targus Group International, Inc. v. Dotson*, Case No.: 03CC11056) on the same date as the current trial date in this matter (July 10, 2006). Despite attempts *via* an *ex parte* application to continue the trial on January 17, 2006, the Honorable Derek Hunt declined to continue the *Targus* matter and expressly ordered that the trial date remain.

7.      Prior to entering into this stipulation, the Parties called the Court's clerk and obtained an October 30, 2006 *tentative* trial date should the Court find good cause to continue the trial.

8.      Given the current pretrial and trial deadlines currently set in this action, and the new facts and circumstances recently brought to light requiring the amendment of the answer and the Complaint, the Parties believe their ability to adequately prepare

3

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

their respective cases for trial will be substantially prejudiced in the absence of the relief requested in this Stipulation.

9. The Parties therefore agree to and request the following continued dates:
   i. August 29, 2006: Discovery cut-off and deadline for Rule 26 compliance;
   ii. October 3, 2006: Pretrial Preparation;
   iii. October 24, 2006: Pre-trial conference date;
   iv. October 30, 2006: Trial.

10. There have been no previous extensions of the discovery and motion cut-off dates requested by the Parties or ordered by the Court.

11. Rule 6(b) of the Federal Rules of Civil Procedure ("FRCP") gives the Court wide discretion to regulate pre-trial matters and manage its calendar. Furthermore, pursuant to FRCP 16(b), the Parties may obtain relief from a discovery cut-off date by demonstrating good cause for an extension. As set forth herein, good cause exists for the Court to grant the requested relief.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff and the Defendant, through their respective counsel of record, as follows:

1. Defendant Fidelity Guaranty Insurance Company should be granted leave to amend its answer to add affirmative defenses related to the new facts and circumstances outlined in the Stipulation;
2. The **Discovery Cut-off Date** and deadline for Rule 26 compliance is continued to **August 29, 2006**;
3. All **Discovery and Dispositive Motions** shall be filed by **August 15, 2006**;
4. All **Dispositive Motions** shall be **heard on September 19, 2006**;
5. The **Pre-Trial Conference Date** is continued to **October 24, 2006**;

4

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

6. The **Trial** is continued to **October 30, 2006**; and

7. The parties shall adhere to the U.S.D.C., Northern District Local Rules, regarding the new deadlines for all other motions and pre-trial proceedings.

Dated: February 24, 2006     **HINES SMITH**

By:     /s: Marc S. Hines
Marc S. Hines
Michelle L. Carder
Patrick Lin
Attorneys for Plaintiff
Milgard Manufacturing, Inc.

Dated: February 24, 2006     **MORISON-KNOX HOLDEN & PROUGH, LLP**

By:     /s: Joel Eads
Joel Eads (*admitted pro hac vice*)
Attorney for Defendant
Fidelity and Guaranty Insurance Co.
Milgard Manufacturing, Inc.

5

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MILGARD MANUFACTURING,

  Plaintiff,

v.

FIDELITY AND GUARANTY,

  Defendant.

No. C05-1329 SBA

**ORDER FOR PRETRIAL PREPARATION**

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure ("FRCP"), IT IS HEREBY ORDERED AS FOLLOWS:

**A.**   **DISCOVERY CUT-OFF**

All discovery, except for expert discovery, shall be completed and all depositions taken on or before __8/29/06__. The parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the above discovery cut-off.

**B.**   **EXPERT DESIGNATION AND DISCOVERY**

Plaintiff shall designate any experts by __NOT SET__; defendant by __NOT SET__; rebuttal disclosure by __NOT SET__. Any expert not so named may be disallowed as a witness. No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party. Expert discovery shall be completed by __NOT SET__.

**C.**   **MOTION CUT-OFF**

All dispositive motions shall be *heard* on or before __9/19/06__, at 1:00 p.m. The parties must meet and confer *prior* to filing any motion. The movant shall certify to the Court in its moving papers that it has complied with this requirement. Should the parties fail to meet and confer, the Court may decline to entertain the motion.

**THIS COURT DOES NOT RESERVE MOTION HEARING DATES.** The parties are advised to contact Judge Armstrong's Deputy Clerk, Lisa Clark, to determine the next available hearing date, particularly in the case of a dispositive motion. The parties are advised *not* to wait until 35 days prior to the law and motion cut-off date to file and serve their motion. As the Court's law and motion calendar tends to fill quickly, there is *no* guarantee that a hearing date within the law and motion cut-off date will be available. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar.

Pursuant to Civil Local Rule 7-1, 7-2 and 7-3, all civil motions shall be noticed for a hearing not less than thirty-five (35) calendar days after service. The opposition and supporting papers shall be filed not less than twenty-one (21) days before the noticed hearing date. The reply shall be filed not less than fourteen (14) days before the hearing date. Documents not filed in compliance with these time specifications will not be considered by the Court.

The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

The parties are not required to file a statement of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only one joint statement of undisputed facts signed by all parties, shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions *without* oral argument.

### D. MANDATORY SETTLEMENT CONFERENCES

All parties are ordered to participate in a mandatory settlement conference during the following time period:

### PRETRIAL CONFERENCE

All Counsel who will try the case shall appear for a pretrial conference in Courtroom 3 on 10/24/06 at 1:00 p.m.. All Counsel shall be fully prepared to discuss all aspects of the trial. Failure to file the requisite pretrial documents in advance of the pretrial conference may result in vacation of the pretrial conference and/or the imposition of sanctions.

### F. PRETRIAL PREPARATION DUE 10/3/06

1. Not less that *thirty* (30) *calendar days* prior to the pretrial conference, Counsel shall meet and confer in good faith in advance of complying with the following pretrial requirements in order to clarify and narrow the issues for trial, arrive at stipulations of facts, simplify and shorten the presentation of proof at trial, and explore possible settlement. In addition, Counsel shall meet and confer regarding anticipated motions in limine, objections to evidence, jury instructions, and any other matter which may require resolution by the Court.

2. The following matters shall be accomplished no later than *twenty-one* (21) *calendar days* prior to the pretrial conference:

   a. **Joint Pretrial Statement**

   Counsel are required to file a pretrial conference statement containing the following information:

2

### a. Joint Pretrial Statement

Counsel are required to file a pretrial conference statement containing the following information:

#### (1) The Action

(A) **Substance of the Action.** A brief description of the substance of claims and defenses which remain to be decided

(B) **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

#### (2) The Factual Basis of the Action

(A) **Undisputed Facts.** A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(B) **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

(C) **Agreed Statement.** A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D) **Stipulations.** A statement of stipulations requested or proposed for pretrial or trial purposes.

#### (3) DISPUTED LEGAL ISSUES

(A) **Points of Law.** Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions. Unless otherwise ordered, parties should cite to briefs served and lodged setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

(B) **Proposed Conclusions of law.** If the case is to be tried without jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law lodged with this Court.

### b. Trial Briefs

Each party shall serve and file a trial brief which shall briefly state their contentions, the relevant facts to be proven at trial, and the law on the issues material to the decision.

### c. Findings of Fact

In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Findings shall be brief, clear, written in plain English and free of pejorative language, and argument.

### d. Witnesses

Each party shall serve and file with the Court a list of all persons who may be called as witnesses. The list shall include a summary of the substance of each witness' proposed testimony. (Civil L.R. 16-15(4)(A))

### e. Designation of Discovery Excerpts

Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the Court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by lodged excerpt, all interrogatory answers and request for admissions to be used as part of its direct case. Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit. The original of any deposition to be used at trial must be produced at the time of trial, as well as a copy for the Court. Counsel shall indicate any objections to the use of these materials and advise the Court that counsel has conferred respecting such objections.

### f. Jury Instructions

The parties shall file a joint set of proposed jury instructions as to those instructions on which the parties have reached agreement. As to any disputed instructions, each party shall separately submit its "proposed" instruction(s) supported by a memorandum setting forth the authority for its use. Responses or objections to any "proposed" jury instruction shall be filed no later than the date of the pretrial conference. All instructions shall be written in plain English which is comprehensible to jurors, concise and free of argument, and shall be organized in a logical fashion so as to aid jury comprehension, and are also to be provided on a 3.5" computer disk. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions.

### g. Jury Voir Dire and Verdict Forms

Each party shall submit proposed questions for jury voir dire and a proposed form of verdict.

### h. Exhibits

Each party shall provide every other party one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial together with a complete list of all such exhibits. The Court requires one original version of exhibits (as described above) for the Clerk and two copies (one for the Bench and one for the witness stand). All such versions of the exhibits, including the originals, should be indexed into a binder for easy and quick reference by all parties. The first page of each binder should have a copy of the exhibit list (see attached) appropriately completed with each exhibit description and its designated number. Plaintiffs shall refer to their exhibits numerically and Defendants shall label theirs alphabetically. Exhibit labels are also attached for your convenience. Exhibits should be brought to Court on the first day of trial.

3. The following matters shall be accomplished no later than *fourteen* (14) *calendar days* prior to the pretrial conference: **Motions in Limine and Objections to Evidence due:** 10/10/06. Each party anticipating making motion(s) in limine and/or objection(s) to any testimony or exhibits expected to be offered shall file and serve a statement briefly identifying each item objected to and the grounds for the objection.

4. Responses to motions in limine or objections to evidence shall be filed and served no less than *seven* (7) *calendar days* prior to the pretrial conference due: 10/17/06.

4

### H. TRIAL DATE

Trial before the Court or Jury? will begin on __10/30/06__, at 8:30 a.m., for an estimated __8-10__ trial days, or as soon thereafter as the Court may designate. The parties are advised that they must be prepared to go to trial on a trailing basis. The trial will take place in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612. The Court's trial hours are from 8:30 a.m. to 2:00 p.m., with two fifteen-minute breaks, on Monday, Wednesday, Thursday and Friday.

### I. TRANSCRIPTS

If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of trial commences.

### J. STATUS AND DISCOVERY CONFERENCES

Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the courtroom deputy (Telephone No. 510-637-3541). Conferences may be conducted telephonically, upon request (preferably in writing).

### K. SANCTIONS

Failure to comply with this order may result in the imposition of sanctions pursuant to FRCP 16(f).

IT IS SO ORDERED.

Dated:

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

5