```
 1  MARC S. HINES (No. 140065)
    MICHELLE L. CARDER (No. 174481)
 2  CHRISTINE M. MCLAUGHLIN (No. 221269)
    HINES SMITH CARDER
 3  3080 Bristol Street, Suite 540
    Costa Mesa, California 92626
 4  Telephone: (714) 513-1122
    Facsimile: (714) 512-1123
 5
    Attorneys for Plaintiff
 6  MILGARD MANUFACTURING, INC.

 7  WILLIAM C. MORISON (No. 99981)
    MARC J. DEREWETZKY (No. 130944)
 8  MORISON-KNOX HOLDEN & PROUGH, LLP
    500 Ygnacio Valley Road, Suite 450
 9  Walnut Creek, CA 94596
    Telephone: (925) 937-9990
10  Facsimile: (925) 937-3272

11  JOEL MAX EADS, admitted pro hac vice
    MORISON-KNOX HOLDEN & PROUGH, LLP
12  1500 Market Street
    East Tower, 12th Floor
13  Philadelphia, PA 19102
    Telephone: (215) 246-3439
14  Facsimile: (215) 569-8228

15  Attorneys for Defendant
    FIDELITY AND GUARANTY INSURANCE COMPANY
16
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILGARD MANUFACTURING, INC., a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY AND GUARANTY INSURANCE COMPANY, an Iowa stock insurance company; and DOES 1-10, <br><br> Defendants. | CASE NO.: C 05-01329 SBA <br><br> **MILGARD MANUFACTURING, INC.'S AND FIDELITY AND GUARANTY INSURANCE'S STIPULATION AND [PROPOSED] ORDER TO:** <br><br> 1. **ALLOW PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT;** <br> 2. **ALLOW DEFENDANT LEAVE TO FILE AMENDED ANSWER; AND** <br> 3. **CONTINUE TRIAL AND CORRESPONDING PRE-TRIAL DATES AND DEADLINES** <br><br> Trial Date: October 30, 2006 |

1

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

## STIPULATION

Plaintiff, Milgard Manufacturing, Inc. ("Milgard") and Defendant, Fidelity Guaranty Insurance Company ("FGIC") (collectively referred to as the "Parties"), by and through their counsel of record, hereby agree and stipulate as follows:

1. This matter arises out of FGIC's denial of coverage in several construction defect cases. On April 1, 2005 Milgard filed a Complaint with the United States District Court, Northern District of California for (1) Breach of the Implied Covenant of Good Faith and Fair Dealing, (2) Breach of Contract, and (3) Declaratory Relief. FGIC denies that its duty to defend or indemnify has been implicated and that it has acted in any way in bad faith.

2. An Order for Pretrial Preparation was entered into on September 9, 2005. On February 24, 2006, the Parties filed a Stipulation and Proposed Order to continue the dates in the Order for Pretrial Preparation and on March 8, 2006, the Court entered another Order for Pretrial Preparation in which the following dates were set by the Court:

    a. **Discovery Cut-Off:** August 29, 2006

    b. **Expert Designation and Discovery:** NOT SET

    c. **Motion Cut-Off:** September 19, 2006, 1:00 p.m.

    d. **Pre-Trial Conference:** October 24, 2006

    e. **Pre-Trial Preparation Due:** October 3, 2006

    f. **Motions in Limine:** October 10, 2006

    g. **Responses to Motions in Limine:** October 17, 2006

    h. **Trial Date:** October 30, 2006

3. Since the Court entered its Order continuing the foregoing dates, the parties have worked diligently to determine if and when the primary insurance policies were exhausted, thereby potentially bringing claims made by Milgard under excess insurance policies issued by USF&G Insurance ("USF&G").

2

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

Milgard has noticed the person most knowledgeable deposition for FGIC on this issue, but due to calendar conflicts, the unavailability of the person most knowledgeable, and FGIC's difficulties verifying and documenting the exhaustion issues, the parties have not been able to complete this essential deposition.

4. The coverage dispute in this case under the primary policies issued by FGIC and the excess policies issued by USF&G is the same. Both FGIC and USF&G are subsidiaries and/or affiliates of St. Paul Travelers, and the same counsel represents FGIC and USF&G. Because FGIC's counsel informs Milgard USF&G will maintain the same coverage positions under the excess policies as FGIC did under the primary policies, and because USF&G reserves the right to assert additional coverage defenses based on language of the excess policies, the Parties believe it is most expedient for Milgard to amend its complaint to name USF&G and obtain the Court's determination of the coverage issues under both the primary and excess policies. The alternative is for Milgard to initiate a separate action against USF&G, alleging identical causes of action and arguments. Bringing the claims against both insurers in one action will preserve judicial resources as well as those of the parties.

5. As such, the purpose of this Stipulation is as follows:

a) To allow Milgard to amend its Complaint to assert causes of action against the excess policy(ies) of insurance issued by USF&G to Milgard; and

b) To continue the currently set trial and pre-trial deadlines and cut-off dates.

6. The Parties agree good cause exists to allow Milgard to amend its complaint and include the causes of action against USF&G, because all the facts, evidence and witnesses, except to the insurance policies themselves, are identical for Milgard's claims against FGIC and its proposed claims against USF&G.

Because the aggregate for the primary policies at issue is or is about to be exhausted, there is a present controversy.

7. The Parties agree this stipulation extends only to Milgard's leave to file an amended complaint. By making this procedural stipulation, FGIC does not waive any affirmative defenses to any amended complaint.

8. The Parties agree good cause exists to continue the trial and the corresponding pre-trial dates and deadlines for the following reasons. First, additional discovery is required to prepare this case for trial. A substantial amount of discovery has taken place to date and the Parties have been cooperative with respect to discovery matters. The Parties agree that there is pending between the Parties discovery (including an FRCP 30(b)(6) deposition, requests for production and requests for admissions, as well as an ongoing meet and confer related to prior discovery). Further, Milgard has propounded written discovery to FGIC requesting documents relating to the exhaustion or near exhaustion of the underlying primary policies based on FGIC's assertion, and FGIC has requested an extension to provide the responses and any documents responsive to the requests.

Milgard asserts that the exhaustion of the underlying primary policies is critical to the issues in this case and its claim for damages; therefore, it is imperative that Milgard have sufficient time to receive and review all documents relevant to the asserted exhaustion and conduct any additional discovery necessary regarding the exhaustion of the policies. FGIC is in the process of confirming the date of which the Parties' insurance contracts were exhausted by payments on behalf of Milgard in connection with the underlying claims not made part of this lawsuit and needs more time to complete this process and respond to Milgard's discovery requests.

Additionally, Milgard has noticed, pursuant to FRCP 30(b)(6), the deposition of FGIC's Person Most Knowledge regarding the underlying claims and exhaustion or near exhaustion of the primary policies, which is currently set for July 10, 2006. However, Milgard is unable to move forward with the 30(b)(6) deposition until FGIC has provided all information relating to the exhaustion issue responsive to Milgard's requests. Without such information, it is necessary to continue the deposition date. FGIC intends to take Milgard's 30(b)(6) deposition in the near future, upon the conclusion of its written discovery and the completion of the Parties' ongoing meet and confer.

Second, Milgard and FGIC must analyze the underlying insurance claims *vis-à-vis* any potentially applicable excess policy's terms, and if Milgard is granted leave to file an amended complaint, the Parties will need to engage in discovery relating to the excess policy(ies).

Third, Milgard will be prejudiced because discovery responses relating to the exhaustion issue will not be available in time for it timely to prepare, file, and serve a motion for summary adjudication. The Parties have been actively engaging in discovery. However, given the time it is taking for FGIC to determine the date on which the primary insurance contracts were exhausted and produce information relating to the exhaustion, the resulting need to continue FGIC's Person Most Knowledgeable deposition, and the additional discovery that is anticipated relating to the excess policy(ies) issued by USFG, there is not sufficient time to complete discovery before the deadline for Milgard to prepare, file and serve a motion for summary adjudication. The current cut off date for the court to hear motions is September 19, 2006. Assuming Milgard can obtain that hearing date, it will need to prepare, file and serve its motion for summary adjudication in early August 2006. However, before preparing its motion, Milgard must have an opportunity to review any information FGIC has relating to

the exhaustion of the primary policies and complete the depositions of FGIC's Person Most Knowledgeable. Since FGIC is still investigating the exhaustion issue, there is not sufficient time for Milgard to complete the necessary discovery and have its motion for summary adjudication prepared, filed and heard pursuant to the current pre-trial deadlines.

9. Prior to entering into this stipulation, the Parties called the Court's clerk and obtained a *tentative* new trial date and pre-trial dates should the Court find good cause to continue the trial. Those dates are:

   a. **Motion Cut-Off:** January 9, 2007, 1:00 p.m.
   b. **Pre-Trial Conference:** February 13, 2007
   c. **Pre-Trial Preparation Due:** January 26, 2007
   d. **Motions in Limine:** January 30, 2007
   e. **Responses to Motions in Limine:** February 6, 2007
   f. **Trial Date:** February 26, 2007

10. Given the current pretrial and trial deadlines set in this action, the current on ongoing discovery between the Parties and the new facts and circumstances recently brought to light requiring the amendment of the answer and the Complaint, the Parties believe their ability to adequately prepare their respective cases for trial will be substantially prejudiced in the absence of the relief requested in this Stipulation.

11. The Parties therefore agree to and request the following continued dates:

   a. **Discovery Cut-Off:** January 26, 2007
   b. **Expert Designation:**
      Plaintiff Designation:      December 1, 2006
      Defendant Designation:   December 15, 2006
      Rebuttal Disclosure:         December 29, 2006

6

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

    c.   **Expert Discovery Cut-Off:** January 26, 2007

    d.   **Motion Cut-Off:** January 9, 2007, 1:00 p.m.

    e.   **Pre-Trial Conference:** February 13, 2007

    f.   **Pre-Trial Preparation Due:** January 26, 2007

    g.   **Motions in Limine:** January 30, 2007

    h.   **Responses to Motions in Limine:** February 6, 2007

    i.   **Trial Date:** February 26, 2007

12. Rule 6(b) of the Federal Rules of Civil Procedure ("FRCP") gives the Court wide discretion to regulate pre-trial matters and manage its calendar. Furthermore, pursuant to FRCP 16(b), the Parties may obtain relief from a discovery cut-off date by demonstrating good cause for an extension. As set forth herein, good cause exists for the Court to grant the requested relief.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff and the Defendant, through their respective counsel of record, as follows:

1. Plaintiff Milgard Manufacturing, Inc. should be granted leave to amend its complaint to name USFG and assert causes of action against the excess policy(ies) of insurances issued by USFG to Milgard.

2. Defendant Fidelity and Guaranty Insurance Company should be granted leave to amend its answer to add affirmative defenses related to the new facts and circumstances outline in this Stipulation.

3. The pre-trial and trial dates set pursuant to the court Order of March 8, 2006 be continued and set as follows:

    a. **Discovery Cut-Off:** January 26, 2007

    b. **Expert Designation:**

7

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

|   |   |
|---|---|
| Plaintiff Designation: | December 1, 2006 |
| Defendant Designation: | December 15, 2006 |
| Rebuttal Disclosure: | December 29, 2006 |

    c. **Expert Discovery Cut-Off:** January 26, 2007

    d. **Motion Cut-Off:** January 9, 2007, 1:00 p.m.

    e. **Pre-Trial Conference:** February 13, 2007

    f. **Pre-Trial Preparation Due:** January 26, 2007

    g. **Motions in Limine:** January 30, 2007

    h. **Responses to Motions in Limine:** February 6, 2007

    i. **Trial Date:** February 26, 2007; and

4. The parties shall adhere to the U.S.D.C., Northern District Local Rules, regarding the new deadlines for all other motions and pre-trial proceedings.

Dated: July 12, 2006

**HINES SMITH CARDER**

By: _____
Marc S. Hines
Michelle L. Carder
Christine M. McLaughlin
Attorneys for Plaintiff
Milgard Manufacturing, Inc.

Dated: July 6, 2006

**MORISON-KNOX HOLDEN & PROUGH, LLP**

By: _____
Marc J. Derewetzky
Attorney for Defendant
Fidelity and Guaranty Insurance Co.

8

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

           Plaintiff Designation:   December 1, 2006

           Defendant Designation:   December 15, 2006

           Rebuttal Disclosure:   December 29, 2006

c. **Expert Discovery Cut-Off:** January 26, 2007

d. **Motion Cut-Off:** January 9, 2007, 1:00 p.m.

e. **Pre-Trial Conference:** February 13, 2007

f. **Pre-Trial Preparation Due:** January 26, 2007

g. **Motions in Limine:** January 30, 2007

h. **Responses to Motions in Limine:** February 6, 2007

i. **Trial Date:** February 26, 2007; and

4.   The parties shall adhere to the U.S.D.C., Northern District Local Rules, regarding the new deadlines for all other motions and pre-trial proceedings.

Dated: July 12, 2006        **HINES SMITH CARDER**

By: _[signature]_
    Marc S. Hines
    Michelle L. Carder
    Christine M. McLaughlin
    Attorneys for Plaintiff
    Milgard Manufacturing, Inc.

Dated: July ___, 2006        **MORISON-KNOX HOLDEN & PROUGH, LLP**

By: _____
    Marc J. Derewetsky
    Attorney for Defendant
    Fidelity and Guaranty Insurance Co.

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

[PROPOSED]

ORDER

**GOOD CAUSE APPEARING THEREFOR,**

**IT IS HEREBY ORDERED** as follows:

1. Defendant Fidelity Guaranty Insurance Company is granted leave to amend its answer to add affirmative defenses related to the new facts and circumstances outlined in the Stipulation;

2. Plaintiff Milgard Manufacturing, Inc. is granted leave to amend its Complaint to name USFG and assert causes of action against the excess policy(ies) of insurance issued by USFG to Milgard;

3. The trial and pre-trial dates are continued pursuant to the attached Order for Pretrial Preparation; and

4. The parties shall adhere to the U.S.D.C., Northern District Local Rules, regarding the new deadlines for all other motions and pre-trial proceedings.

Dated: 7/17/06

SAUNDRA BROWN ARMSTRONG
United States District Court Judge

9

MILGARD MANUFACTURING, INC. AND FIDELITY GUARANTY INSURANCE COMPANY'S
STIPULATION AND ORDER TO CONTINUE TRIAL AND PRE-TRIAL DATES AND DEADLINES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MILGARD MANUFACTURING INC.,   No. C           SBA

    Plaintiff,

  v.

FIDELITY AND GUARANTY,

    Defendant.

**ORDER FOR PRETRIAL PREPARATION**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure ("FRCP"), IT IS HEREBY ORDERED AS FOLLOWS:

### A. DISCOVERY CUT-OFF

All discovery, except for expert discovery, shall be completed and all depositions taken on or before 1/26/07. The parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the above discovery cut-off.

### B. EXPERT DESIGNATION AND DISCOVERY

Plaintiff shall designate any experts by 12/1/06; defendant by 12/15/06; rebuttal disclosure by 12/29/06. Any expert not so named may be disallowed as a witness. No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party. Expert discovery shall be completed by 1/26/07.

### C. MOTION CUT-OFF

All dispositive motions shall be *heard* on or before 1/9/07, at 1:00 p.m. The parties must meet and confer *prior* to filing any motion. The movant shall certify to the Court in its moving papers that it has complied with this requirement. Should the parties fail to meet and confer, the Court may decline to entertain the motion.

d.  **Witnesses**

Each party shall serve and file with the Court a list of all persons who may be called as witnesses. The list shall include a summary of the substance of each witness' proposed testimony. (Civil L.R. 16-15(4)(A))

e.  **Designation of Discovery Excerpts**

Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the Court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by lodged excerpt, all interrogatory answers and request for admissions to be used as part of its direct case. Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit. The original of any deposition to be used at trial must be produced at the time of trial, as well as a copy for the Court. Counsel shall indicate any objections to the use of these materials and advise the Court that counsel has conferred respecting such objections.

f.  **Jury Instructions**

The parties shall file a joint set of proposed jury instructions as to those instructions on which the parties have reached agreement. As to any disputed instructions, each party shall separately submit its "proposed" instruction(s) supported by a memorandum setting forth the authority for its use. Responses or objections to any "proposed" jury instruction shall be filed no later than the date of the pretrial conference. All instructions shall be written in plain English which is comprehensible to jurors, concise and free of argument, and shall be organized in a logical fashion so as to aid jury comprehension, and are also to be provided on a 3.5" computer disk. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions.

g.  **Jury Voir Dire and Verdict Forms**

Each party shall submit proposed questions for jury voir dire and a proposed form of verdict.

h.  **Exhibits**

Each party shall provide every other party one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial together with a complete list of all such exhibits. The Court requires one original version of exhibits (as described above) for the Clerk and two copies (one for the Bench and one for the witness stand). All such versions of the exhibits, including the originals, should be indexed into a binder for easy and quick reference by all parties. The first page of each binder should have a copy of the exhibit list (see attached) appropriately completed with each exhibit description and its designated number. Plaintiffs shall refer to their exhibits numerically and Defendants shall label theirs alphabetically. Exhibit labels are also attached for your convenience. Exhibits should be brought to Court on the first day of trial.

3.  The following matters shall be accomplished no later than *fourteen* (14) *calendar days* prior to the pretrial conference: **Motions in Limine and Objections to Evidence due:** _1/30/07_. Each party anticipating making motion(s) in limine and/or objection(s) to any testimony or exhibits expected to be offered shall file and serve a statement briefly identifying each item objected to and the grounds for the objection.

4.  Responses to motions in limine or objections to evidence shall be filed and served no less than *seven* (7) *calendar days* prior to the pretrial conference due: _2/6/07_.

4

### H. TRIAL DATE

Trial before the Court or Jury? will begin on  2/26/07  , at 8:30 a.m., for an estimated  8 - 10  trial days, or as soon thereafter as the Court may designate. The parties are advised that they must be prepared to go to trial on a trailing basis. The trial will take place in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612. The Court's trial hours are from 8:30 a.m. to 2:00 p.m., with two fifteen-minute breaks, on Monday, Wednesday, Thursday and Friday.

### I. TRANSCRIPTS

If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of trial commences.

### J. STATUS AND DISCOVERY CONFERENCES

Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the courtroom deputy (Telephone No. 510-637-3541). Conferences may be conducted telephonically, upon request (preferably in writing).

### K. SANCTIONS

Failure to comply with this order may result in the imposition of sanctions pursuant to FRCP 16(f).

IT IS SO ORDERED.

Dated: 7/17/06

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

5

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3080 Bristol Street, Suite 540, Costa Mesa, 92626.

On July 7, 2006, I served the foregoing document described as:

**MILGARD MANUFACTURING, INC.'S AND FIDELITY AND GUARANTY INSURANCE'S STIPULATION AND [PROPOSED] ORDER TO: (1) ALLOW PLAINTIFF TO FILE AN AMENDED COMPLAINT; (2) ALLOW DEFENDANT LEAVE TO FILE AMENDED ANSWER; AND (3) CONTINUE TRIAL AND CORRESPONDING PRE-TRIAL DATES AND DEADLINES**

By placing the [] original [X] a copy thereof enclosed in a sealed envelope, addressed as follows:

William C. Morison-Knox
Marc J. Derewetzky
MORISON-KNOX HOLDEN MELENDEZ & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Tel: (925) 937-9990; Fax: (925) 937-3272

Joel Max Eads, admitted pro hac vice
MORISON-KNOX HOLDEN MELENDEZ & PROUGH, LLP
1500 Market Street
East Tower, 12th Floor
Philadelphia, PA 19102
Tel: (215) 246-3439; Fax: (215) 569-8228

[X] BY MAIL: I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, all mail is deposited with the U.S. Postal Service on the same day with postage thereon, fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage meter date is more than one day after date of deposit for mailing in the affidavit.

[ ] BY PERSONAL SERVICE: I caused a true and correct copy thereof enclosed in a sealed envelope to be delivered by hand to the below-named addressee(s):

[ ] BY FACSIMILE TRANSMISSION: I caused the above-referenced document to be transmitted to the person(s) set forth above, at the facsimile number(s) set forth on the attached service list. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[ ] BY OVERNIGHT DELIVERY I placed the FEDEX package for overnight deliver in a box or location regularly maintained by FEDEX at my office or I delivered the package to an authorized courier or driver authorized by FEDEX to receive documents. The package was placed in a sealed envelope or package designated by FEDEX with deliver fees paid or provided for, addressed as follows:

[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2006, Costa Mesa, California.

Jennifer Vaughan